1 | Matthew F. Murray (State Bar No. 313277)
mmurray@rutan.com
2 | RUTAN & TUCKER, LLP
Five Palo Alto Square
3 | 3000 El Camino Real, Suite 200
Palo Alto, CA 94306-9814
4 | Telephone:     (650) 320-1500
Facsimile:     (650) 320-9905
5 |

6 | Ronald P. Oines (State Bar No. 145016)
roines@rutan.com
7 | Talya Goldfinger (State Bar No. 294926)
tgoldfinger@rutan.com
8 | RUTAN & TUCKER, LLP
18575 Jamboree Road, 9th Floor
9 | Irvine, CA 92612
Telephone: 714-641-5100
10 | Facsimile: 714-546-9035

11 | Attorneys for Defendant
JOYBOX STUDIO LIMITED

12 |

13 |

14 |                    UNITED STATES DISTRICT COURT

15 |                   NORTHERN DISTRICT OF CALIFORNIA

16 |                      SAN FRANCISCO DIVISION

17 | AVIAGAMES INC.,                    Case No. 3:25-cv-08709-JD

18 |              Plaintiff,            **DEFENDANT JOYBOX STUDIO
                                        LIMITED'S NOTICE OF MOTION AND
19 |     v.                             MOTION TO DISMISS COMPLAINT**

20 | GUANGZHOU SNAIL INTERACTIVE
TECHNOLOGY CO., LTD; JOYBOX          Date:     February 5, 2026
21 | STUDIO LIMITED; PRINSLOO GLOBAL     Time:     10:00 a.m.
GROUP INC.; and YIMIN SUN,           Ctrm.:    11
22 |
              Defendants.
23 |

24 |

25 |

26 |

27 |

28 |

Rutan & Tucker, LLP
attorneys at law

2856/099999-0084
23207442.1 a12/22/25

Case No. 3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on February 5, 2026, at 10:00 a.m., in the courtroom of the Honorable James Donato, located at 450 Golden Gate Ave, Courtroom 11, San Francisco, California 94102, Defendant JoyBox Studio Limited ("JoyBox" or "Defendant") will and hereby moves this Court for an order to dismiss Plaintiff's complaint in its entirety, without leave to amend, pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3). This Motion is based upon the Memorandum of Points and Authorities, the filings in this action, and any such additional material or argument as may be submitted to the Court before its decision.

JoyBox seeks an Order pursuant to Federal Rule of Civil Procedure 12(b)(2) dismissing the Complaint for lack of personal jurisdiction and Federal Rule of Civil Procedure 12(b)(3) dismissing the Complaint for improper venue. Dismissal should be granted without leave to amend because amendment would be futile.

## STATEMENT OF ISSUES TO BE DECIDED

(1)     Whether the Complaint against JoyBox, a Nevada company with its principal place of business in Nevada, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction when Plaintiff has failed to adequately plead any activities by JoyBox purposefully directed at California related to Plaintiff's copyright infringement claims.

(2)     Whether the Complaint against JoyBox should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(3) for improper venue when Plaintiff has failed to establish that this Court has personal jurisdiction over JoyBox.

Dated:  December 22, 2025

RUTAN & TUCKER, LLP
RONALD P. OINES
MATTHEW F. MURRAY
TALYA GOLDFINGER

By: _____
Ronald P. Oines
Attorneys for Defendant
JOYBOX STUDIO LIMITED

Rutan & Tucker, LLP
attorneys at law

2856/099999-0084
23207442.1 a12/22/25

-1-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1

## <u>TABLE OF CONTENTS</u>

2

<u>Page</u>

3    I.    INTRODUCTION ........................................................................................ 1

4    II.    STATEMENT OF RELEVANT FACTS ..................................................... 1

5    III.    LEGAL STANDARDS .............................................................................. 2

6        A.    Fed. R. Civ. P. 12(b)(2) Motion to Dismiss ................................. 2

7        B.    Fed. R. Civ. P. 12(b)(3) Motion to Dismiss ................................. 4

8    IV.    ARGUMENT ............................................................................................. 5

9        A.    The Complaint Should Be Dismissed as to Joybox for Lack of
             Personal Jurisdiction ..................................................................... 5

10

11            1.    This Court Lacks General Jurisdiction over JoyBox, a
                 Nevada company with Its Principal Place of Business in
                 Nevada ................................................................................. 5

12

13            2.    This Court Lacks Specific Jurisdiction over JoyBox ............ 6

14                a.    Plaintiff Has Failed to Adequately Plead Purposeful
                     Direction ..................................................................... 6

15                    (1)    Plaintiff Has Failed to Plausibly Allege that
                         JoyBox Conducted Intentional Acts Expressly
                         Aimed at California ........................................... 6

16

17                    (2)    Plaintiff Has Failed to Allege that JoyBox
                         Could Foresee Its Alleged Acts Caused Harm
                         Likely To Be Suffered in California.................... 9

18

19                b.    Plaintiff Has Failed to Establish that Its Claims Arise
                     out of or Relate to Forum Activities............................... 9

20

21                c.    Exercising Jurisdiction over JoyBox Would Not
                     Comport with Substantial Justice and Fair Play............. 11

22        B.    The Complaint Should Be Dismissed Because Venue Is Improper ..... 11

23    V.    CONCLUSION ........................................................................................ 12

24

25

26

27

28

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25

-i-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1

## <u>TABLE OF AUTHORITIES</u>

2

<u>Page(s)</u>

3

**FEDERAL CASES**

4

*Advice Co. v. Novak,*
5
 No. C-08-1951 JCS, 2009 WL 210503 (N.D. Cal. Jan. 23, 2009)............................................ 9

6

*AMA Multimedia, LLC v. Wanat,*
 970 F.3d 1201 (9th Cir. 2020)................................................................................................. 6

7

*Ashcroft v. Iqbal,*
8
 556 U.S. 662 (2009) ............................................................................................................... 3

9

*Autodesk, Inc. v. Kobayashi*
10
 *+ Zedda Architects Ltd.*, 191 F. Supp. 3d 1007 (N.D. Cal. 2016) ...................................... 4, 5

11

*Ayla, LLC v. Alya Skin Pty. Ltd.,*
 11 F.4th 972 (9th Cir. 2021)............................................................................................... 4, 11

12

*Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.,*
13
 106 F.3d 284 (9th Cir.1997), *overruled on other grounds by Feltner v. Columbia Pictures*
 *Television,* 523 U.S. 340, 118 S. Ct. 1279, 140 L.Ed.2d 438 (1998).................................. 5, 11

14

*Conohan v. Gen Digital Inc,*
15
 No. 2:24-CV-06894-MCS-PVC, 2025 WL 864655 (C.D. Cal. Feb. 19, 2025)........................ 8

16

*Corcoran v. CVS Health Corp.,*
17
 169 F. Supp. 3d 970 (N.D. Cal. 2016) ..................................................................................... 8

18

*Daimler AG v. Bauman,*
 571 U.S. 117 (2014) ............................................................................................................... 3

19

*DFSB Kollective Co. v. Bourne,*
20
 897 F. Supp. 2d 871 (N.D. Cal. 2012) ..................................................................................... 7

21

*Eclipse Grp. LLP v. Target Corp.,*
22
 No. 15-cv-01411, 2016 WL 8395077 (S.D. Cal. May 26, 2016)............................................. 2

23

*Erickson v. Nebraska Machinery Co.,*
 No. 15-CV-01147-JD, 2015 WL 4089849 (N.D. Cal. July 6, 2015) (Donato, J.) ............... 7, 8

24

*Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.,*
25
 592 U.S. 351 (2021)............................................................................................................... 5

26

*Gemini Bioproducts, Inc. v. Serum Source Int'l, Inc.,*
27
 No. 217CV01551JAMKJN, 2017 WL 5295441 (E.D. Cal. Nov. 13, 2017) ........................ 10

28

*GeoSolutions B.V. v. Sina.com Online,*
 700 F. Supp. 3d 821 (N.D. Cal. 2023) ................................................................................. 10

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25

-ii-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

| | **Page(s)** |
|---|---|

*Goldberg v. Cameron*,
482 F. Supp. 2d 1136 (N.D. Cal. Feb. 27, 2007) .............................................................. 5, 11

*Impossible Foods Inc. v. Impossible X LLC*,
80 F.4th 1079 (9th Cir. 2023) ................................................................................................ 5

*Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*,
486 F. Supp. 3d 1353 (N.D. Cal. 2020) ................................................................................ 7

*King v. Russell*,
963 F.2d 1301 (9th Cir. 1992) ............................................................................................... 4

*Leite v. Crane Co.*,
749 F.3d 1117 (9th Cir. 2014) ............................................................................................... 3

*Life360, Inc. v. Advanced Ground Info. Sys., Inc.*,
2015 WL 5612008 (N.D. Cal. Sept. 21, 2015) ..................................................................... 6

*Mavrix Photo, Inc. v. Brand Techs., Inc.*
647 F.3d 1218 (9th Cir. 2011) ............................................................................................... 5

*Morrill v. Scott Fin. Corp.*,
873 F.3d 1136 (9th Cir. 2017) ............................................................................................... 9

*Parducci v. Overland Sols., Inc.*,
No. 18-CV-07162-WHO, 2019 WL 6311384 (N.D. Cal. Nov. 25, 2019) ............................. 3

*Parnell Pharms., Inc. v. Parnell, Inc.*,
No. 5:14-CV-03158-EJD, 2015 WL 5728396 (N.D. Cal. Sept. 30, 2015) ............................ 8

*Pebble Beach Co. v. Caddy*,
453 F.3d 1151 (9th Cir. 2006) ............................................................................................... 6

*Picot v. Weston*,
780 F.3d 1206 (9th Cir. 2015) ................................................................................. 3, 4, 6, 10

*Prevail Legal v. Gordon*,
No. 20-cv-07173, 2021 WL 1947578 (N.D. Cal. May 14, 2021) ....................................... 3, 9

*Ranza v. Nike, Inc.*,
793 F.3d 1059 (9th Cir. 2015) ............................................................................................... 5

*Schwarzenegger v. Fred Martin Motor Co.*,
374 F.3d 797 (9th Cir. 2004) ................................................................................... 2, 4, 6, 11

*Silverman v. Move Inc.*,
No. 18-CV-05919-BLF, 2019 WL 2579343 (N.D. Cal. June 24, 2019) ................................ 3

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25

-iii-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

**Page(s)**

*Stebbins v. Doe*,
  No. 23-cv-00321-DMR, 2024 WL 557715 (N.D. Cal. Feb. 12, 2024) ....................................7

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ..................................................................................................8

*Tangle, Inc. v. Buffalo Games, LLC*,
  2023 WL 2774452 (N.D. Cal. Apr. 4, 2023) ...........................................................................7

*Theos Med. Sys., Inc. v. Nytone Med. Prods., Inc.*,
  No. 19-CV-01092-VKD, 2020 WL 500511, (N.D. Cal. Jan. 31, 2020), *report and
  recommendation adopted*, No. 19-CV-01092-BLF, 2020 WL 9422393 (N.D. Cal. Feb. 27,
  2020)..........................................................................................................................................9

*Unicolors Inc. v. Myth Clothing Co. Inc.*,
  No. CV15-9419-CAS(JCX), 2016 WL 738289 (C.D. Cal. Feb. 22, 2016) ............................12

*Voodoo SAS v. SayGames LLC*,
  No. 19-CV-07480-BLF, 2020 WL 3791657 (N.D. Cal. July 7, 2020) .....................................7

*Walden v. Fiore*,
  571 U.S. 277 (2014) ............................................................................................................6, 7

*Woolfson v. Conn Appliances, Inc.*,
  No. 21-cv-07833, 2022 WL 888442 (N.D. Cal. Mar. 25, 2022)...............................................3

*Zithromia Ltd. v. Gazeus Negocios De Internet SA*,
  No. 3:17-CV-06475-JD, 2018 WL 6340875 (N.D. Cal. Dec. 5, 2018) ...................................7

**FEDERAL STATUTES**

17 U.S.C.
    section 501........................................................................................................................1
    section 1202......................................................................................................................1

28 U.S.C.
    section 1391(b) ...............................................................................................................11
    section 1400(a) .................................................................................................................5
    section 1406.......................................................................................................................4

**CALIFORNIA STATUTES**

Code of Civil Procedure
    section 410.10....................................................................................................................3

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25

-iv-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1
**Page(s)**

2
**RULES**

3
Federal Rules of Civil Procedure
    rule 12(b)(2) ................................................................................................................ 2
4
    rule 12(b)(3) ................................................................................................................ 4
5
    rule 12(b)(6) ................................................................................................................ 3

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25

-v-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

JoyBox is a Nevada company with its principal place of business in Nevada, facts acknowledged by Plaintiff Aviagames Inc. ("Avia" or "Plaintiff") in its Complaint. *See* Compl. ¶ 7. JoyBox has no minimum contacts with California, let alone contacts out of which the copyright infringement claims brought by Plaintiff arise. Moreover, Plaintiff fails to allege that JoyBox "purposefully direct[s]" activities to California. Indeed, the Complaint only asserts conclusory and facially insufficient allegations relating to jurisdiction. *See* Compl. ¶ 15. This case has no place in this Court and it should be dismissed.

Additionally, because the Court lacks personal jurisdiction, this case should be dismissed for improper venue.

## II.    STATEMENT OF RELEVANT FACTS

Plaintiff brings this copyright infringement case against defendants Guangzhou Snail Interactive Technology Co., Ltd ("Snail"), JoyBox, Prinsloo Global Group Inc. ("Prinsloo"), and Yimin Sun (collectively, "Defendants"). In its complaint, Plaintiff asserts claims for (1) Copyright Infringement in violation of 17 U.S.C. § 501, against defendants JoyBox, Prinsloo, and Snail, Compl. ¶¶ 35-40; (2) Vicarious Copyright Infringement against Yimin Sun, *id.* ¶¶ 41-44; and (3) Violation of the Digital Millenium Copyright Act ("DMCA") under 17 U.S.C. § 1202 against defendants JoyBox, Prinsloo, and Snail, *id.* ¶¶ 45-50. These claims are based on Plaintiff's allegations that Defendants copied Avia's copyrighted video advertisements ("Asserted Copyrights") and "displayed them as advertisements for [Defendants'] competing mobile apps." *Id.* ¶¶ 26-27.

As Plaintiff pleads in its Complaint, JoyBox "is a corporation organized under the laws of the State of Nevada, with its principal place of business in Nevada." *Id.* ¶ 7. Plaintiff does not allege that JoyBox has such "exceptional" contacts with California that JoyBox has "approximate physical presence" in California. *See id.*

To support its conclusory allegation that JoyBox "purposefully direct[s]" its activities to California, Compl. ¶ 15, Plaintiff only alleges the following facts:

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25

-1-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

- **<u>Displaying Allegedly Infringing Advertisements on Apple/Facebook</u>**: Plaintiff alleges that JoyBox "distributed [its] mobile games to California through services offered by Apple, Inc. a California company." Compl. ¶ 15. Plaintiff also alleges that JoyBox "*displayed* [its] infringing ads on Facebook, which is headquartered in California." *Id.*

- **<u>Allegedly Infringing Copyrights of a California Entity</u>**: Plaintiff alleges that JoyBox "intentionally chose to copy video advertisements from Avia," which has its principal place of business in California. *Id.*

- **<u>Allegedly Targeting California Residents</u>**: Plaintiff alleges that JoyBox "conducted extensive business with users in California," and "derived substantial revenue from California residents." *Id.* Plaintiff alleges that JoyBox "targeted California by making its cash tournament mobile games specifically available to California residents but not residents of other states." *Id.* Plaintiff does not allege that JoyBox only makes its games available to California residents or provide factual allegations that JoyBox specifically targeted California residents. Rather, in support of its assertion that JoyBox "targeted California," Plaintiff asserts only that JoyBox "disabl[ed] its cash tournament in ten other states"—*i.e.*, that JoyBox offers its games in the vast majority of states, including among them California.

These allegations are insufficient to establish personal jurisdiction over JoyBox.

## III.    <u>LEGAL STANDARDS</u>

### A.    <u>Fed. R. Civ. P. 12(b)(2) Motion to Dismiss</u>

Under Fed. R. Civ. P. 12(b)(2), a defendant may move to dismiss a Complaint for lack of personal jurisdiction. The plaintiff bears the burden to prove that personal jurisdiction is proper. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) ("Where a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate."). "[A] Rule 12(b)(2) challenge to personal jurisdiction may attack the legal theory supporting jurisdiction based on the facts as pleaded (a facial attack) or the facts themselves (a factual attack)." *Eclipse Grp. LLP v. Target*

Rutan & Tucker, LLP
attorneys at law

2856/099999-0084
23207442.1 a12/22/25

-2-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1  *Corp.*, No. 15-cv-01411, 2016 WL 8395077, at *7 (S.D. Cal. May 26, 2016) (citing *Data Disc,*

2  *Inc. v. Sys Tech. Assocs., Inc.*, 557 F.2d 1280, 1289 (9th Cir. 1977).  A facial attack challenges the

3  sufficiency of the allegations to establish jurisdiction. *See Leite v. Crane Co*., 749 F.3d 1117, 1121

4  (9th Cir. 2014). "The district court resolves a facial attack as it would a motion to dismiss under

5  Rule 12(b)(6)," that is, by "[a]ccepting the plaintiff's allegations as true and drawing all

6  reasonable inferences in the plaintiff's favor" to determine "whether the allegations are sufficient

7  as a legal matter to invoke the court's jurisdiction." *Id.* A court does not, however, need to accept

8  "mere conclusory statements" or a "formulaic recitation" of claim elements as true. *Ashcroft v.*

9  *Iqbal*, 556 U.S. 662, 678 (2009). Nor must a court accept as true "unwarranted deductions of fact"

10  or "unreasonable inferences." *Parducci v. Overland Sols., Inc.*, No. 18-CV-07162-WHO, 2019

11  WL 6311384, at *3 (N.D. Cal. Nov. 25, 2019) (quoting *In re Gilead Scis. Sec. Litig.*, 536 F.3d

12  1049, 1055 (9th Cir. 2008)).

13      When no federal statute governs personal jurisdiction, the district court applies the law of

14  the forum state.  *Prevail Legal v. Gordon*, No. 20-cv-07173, 2021 WL 1947578, at *2 (N.D. Cal.

15  May 14, 2021). California's long-arm statute allows the exercise of personal jurisdiction to the full

16  extent permissible under the U.S. Constitution. *See Daimler AG v. Bauman*, 571 U.S. 117, 125

17  (2014); Cal. Civ. Proc. Code § 410.10. Thus, the court's inquiry centers on whether "exercising

18  jurisdiction comports with due process." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015).

19  "Due process requires that the defendant have certain minimum contacts with the forum state such

20  that the maintenance of the suit does not offend traditional notions of fair play and substantial

21  justice." *Id* (internal quotation omitted).

22      A court has general jurisdiction over a defendant when the defendant's "affiliations with

23  the [forum] State are so 'continuous and systematic' as to render [the defendant] essentially at

24  home in the forum State." *Silverman v. Move Inc.*, No. 18-CV-05919-BLF, 2019 WL 2579343, at

25  *4 (N.D. Cal. June 24, 2019) (quoting *Daimler*, 571 U.S. at 127).  A corporation is subject to

26  general jurisdiction in its state of incorporation, the state of its principal place of business, or, in

27  "exceptional" cases where its contacts "render it essentially at home" in the forum state. *See*

28  *Woolfson v. Conn Appliances, Inc*., No. 21-cv-07833, 2022 WL 888442, at *2 (N.D. Cal. Mar. 25,

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25                                    -3-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1    2022).

2        A court has specific jurisdiction over a non-resident defendant when (1) that defendant

3    "purposefully direct[s] his activities or consummate[s] some transaction with the forum or resident

4    thereof" or acts to "purposefully avail[] himself of the privilege of conducting activities in the

5    forum;" (2) the plaintiff's claim "arises out of or relates to the defendant's forum-related

6    activities;" and (3) the court's jurisdiction "comport[s] with fair play and substantial justice."

7    *Picot*, 780 F.3d at 1211 (9th Cir. 2015). If the plaintiff fails to meet the burden of proof for the

8    first two prongs, they fail to establish personal jurisdiction in the forum state. *Schwarzenegger*,

9    374 F.3d at 802. If a plaintiff does meet that burden, the defendant has the burden to show the

10   exercise of personal jurisdiction is not reasonable. *Picot*, 780 F.3d at 1212. To determine whether

11   specific jurisdiction is reasonable, the Ninth Circuit has identified seven factors: "(1) the extent of

12   the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the

13   defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the

14   defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient

15   judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in

16   convenient and effective relief; and (7) the existence of an alternative forum." *Ayla, LLC v. Alya*

17   *Skin Pty. Ltd.*, 11 F.4th 972, 984 (9th Cir. 2021).

18       **B.    Fed. R. Civ. P. 12(b)(3) Motion to Dismiss**

19       Under Fed. R. Civ. P. 12(b)(3), a defendant may move to dismiss a Complaint for

20   improper venue. "Once the defendant has challenged the propriety of venue in a given court, the

21   plaintiff bears the burden of showing that venue is proper." *Autodesk, Inc. v. Kobayashi + Zedda*

22   *Architects Ltd.*, 191 F. Supp. 3d 1007, 1020 (N.D. Cal. 2016) (citing *Piedmont Label Co. v. Sun*

23   *Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979)). Under 28 U.S.C. § 1406, the district

24   court must dismiss the case if venue is improper, or if it is in the interest of justice, transfer the

25   case "to any district or division in which it could have been brought." The District Court has

26   sound discretion to decide whether to dismiss the case for improper venue, or alternatively to

27   transfer the case to a proper court. *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992).

28       For claims for copyright infringement, venue is governed by the venue provisions of the

Rutan & Tucker, LLP
attorneys at law

2856/099999-0084
23207442.1 a12/22/25                                    -4-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1   Copyright Act. *See Goldberg v. Cameron*, 482 F. Supp. 2d 1136, 1143 (N.D. Cal. Feb. 27, 2007).

2   The Ninth Circuit has interpreted 28 U.S.C. § 1400(a) to mean that venue "is proper in any

3   judicial district in which the defendant would be amenable to personal jurisdiction if the district

4   were a separate state." *Columbia Pictures Television v. Krypton Broadcasting of Birmingham,*

5   *Inc.,* 106 F.3d 284, 288 (9th Cir.1997), *overruled on other grounds by Feltner v. Columbia*

6   *Pictures Television,* 523 U.S. 340, 118 S. Ct. 1279, 140 L.Ed.2d 438 (1998); *see also Autodesk,*

7   *Inc.*, 191 F. Supp. 3d at 1021.

8   **IV.    ARGUMENT**

9       **A.    The Complaint Should Be Dismissed as to Joybox for Lack of Personal**

10              **Jurisdiction.**

11      Plaintiff has the burden to establish that the Court has either general jurisdiction or specific

12  jurisdiction over JoyBox. *See Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015). Here,

13  Plaintiff has established neither.

14              **1.    This Court Lacks General Jurisdiction over JoyBox, a Nevada**

15                      **Company with Its Principal Place of Business in Nevada.**

16      A court "may exercise general jurisdiction only when a defendant is 'essentially at home'

17  in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 592 U.S. 351, 352 (2021) (quoting

18  *Goodyear Dunlop Tires Operations, S. A v. Brown*, 564 U.S 915, 919 (2011)). "For a corporate

19  defendant, general jurisdiction is paradigmatically appropriate in the state in which the entity is

20  incorporated or where it maintains its principal place of business." *Impossible Foods Inc. v.*

21  *Impossible X LLC*, 80 F.4th 1079, 1086 (9th Cir. 2023).

22      Plaintiff does not attempt to establish general jurisdiction. As Plaintiff pleads, JoyBox "is a

23  corporation organized under the laws of the state of Nevada, with its principal place of business in

24  Nevada." Compl. ¶ 15. Plaintiff also does not allege JoyBox has "exceptional" contacts with

25  California, such as that JoyBox has "offices or staff in California," or that it is "registered to do

26  business in the state," or any other relevant contacts. *See Mavrix Photo, Inc. v. Brand Techs., Inc.*

27  647 F.3d 1218, 1225 (9th Cir. 2011) (finding the Court lacked general jurisdiction over a company

28  lacking contacts with California). As such, Plaintiff failed to satisfy the "exacting standard" to

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25                                              -5-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

establish general jurisdiction over JoyBox. *See Schwarzenegger*, 374 F.3d at 801 (finding the court lacked general jurisdiction over an Ohio dealership in California, even if it purchased vehicles imported by Californian companies and engaged with Californian companies for other services). Thus, this Court lacks general jurisdiction over JoyBox.

### 2.    This Court Lacks Specific Jurisdiction over JoyBox.

Plaintiff has failed to adequately plead that this Court has specific jurisdiction over JoyBox. The Complaint does not provide plausible factual allegations that JoyBox "purposefully avails" itself of conducting activities in California, nor do any of Plaintiff's claims "arise[] out of or relate[] to the defendant's forum-related activities." *Picot*, 780 F.3d at 1211. Additionally, exercising jurisdiction here does not "comport with fair play and substantial justice." *Id.*

a.    Plaintiff Has Failed to Adequately Plead Purposeful Direction.

Because Plaintiff's copyright infringement claims sound in tort, Courts in the Ninth Circuit must decide whether Plaintiff has made a *prima facie* showing of JoyBox's purposeful direction at California. *See AMA Multimedia, LLC v. Wanat*, 970 F.3d 1201, 1208 (9th Cir. 2020). Plaintiff must plausibly allege that JoyBox purposefully directed its activities toward California by "(1) commit[ting] an intentional act, (2) expressly aimed at the forum state, [and] (3) causing harm that the defendant knows is likely to be suffered in the forum state." *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006). Here, Plaintiff has failed to meet its burden.

(1)    *Plaintiff Has Failed to Plausibly Allege that JoyBox Conducted Intentional Acts Expressly Aimed at California.*

An "intentional act" is "an actual, physical act in the real world" that the actor has the "intent to perform." *Schwarzenegger*, 374 F.3d at 806. The intentional contact must be "expressly aimed at the forum state." *Life360, Inc. v. Advanced Ground Info. Sys., Inc.*, 2015 WL 5612008, at *6 (N.D. Cal. Sept. 21, 2015). The analysis focuses on the "defendant's contacts with the forum state itself, not the defendant's contacts with the persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 289 (2014). Here, Plaintiff has failed to allege contacts sufficient to establish personal jurisdiction in California.

**Displaying Allegedly Infringing Products on Apple/Facebook**: Plaintiff relies on its

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25                    -6-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

allegation that JoyBox displayed the allegedly infringing advertisement through a California third party, such as Apple or Facebook. *See* Compl. ¶ 15. But courts have resoundingly rejected this theory for personal jurisdiction, ruling that this is not an intentional act "expressly aimed" at California that is sufficient to establish personal jurisdiction. *See, e.g.*, *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 883 (N.D. Cal. 2012) (holding that using Facebook to promote a business cannot establish personal jurisdiction in California); *Stebbins v. Doe*, No. 23-cv-00321-DMR, 2024 WL 557715, at *2 (N.D. Cal. Feb. 12, 2024) (finding a partnership with a California social media company is not enough to create personal jurisdiction); *Voodoo SAS v. SayGames LLC*, No. 19-CV-07480-BLF, 2020 WL 3791657, at *4 (N.D. Cal. July 7, 2020) (holding distributing an application through Apple is insufficient to establish personal jurisdiction); *Zithromia Ltd. v. Gazeus Negocios De Internet SA*, No. 3:17-CV-06475-JD, 2018 WL 6340875, at *2 (N.D. Cal. Dec. 5, 2018) ("Simply alleging, as Zithromia does, that Gazeus has general business dealings with Apple in this district, or makes internet sales to residents here, is not a sufficient affiliation.").

**Allegedly Infringing Copyrights of a California Entity**: "[M]ere injury to a forum resident is not a sufficient connection to the forum . . . . The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Here, Courts have repeatedly held that the mere act of copying or infringing intellectual property owned by a California entity—without more—does not establish specific personal jurisdiction in California. *See, e.g.*, *Kevin Barry Fine Art Assocs. v. Ken Gangbar Studio, Inc.*, 486 F. Supp. 3d 1353, 1360–61 (N.D. Cal. 2020) (holding selecting and displaying artwork that allegedly infringes copyrights of a California entity was insufficient to establish purposeful direction); *Tangle, Inc. v. Buffalo Games, LLC*, 2023 WL 2774452, at *4 (N.D. Cal. Apr. 4, 2023) ("a defendant's knowledge that the plaintiff resides in the forum state will not, on its own, support the exercise of specific jurisdiction.") (citation and internal quotation omitted); *Erickson v. Nebraska Machinery Co.*, No. 15-CV-01147-JD, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) (Donato, J.) (holding the act of copying a California resident's photographs and posting the photographs on the Nebraska

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25

-7-

Case No. 3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1  defendant's website was insufficient to establish personal jurisdiction).  Accordingly, Plaintiff's

2  allegation that JoyBox intentionally copied from Avia does not suffice.

3      **<u>Targeting California Residents</u>:** Plaintiff makes two conclusory statements that JoyBox

4  "conducted extensive business with users in California," and "derived substantial revenue from

5  California residents." Compl. ¶ 15. But Plaintiff does not provide any factual allegations that

6  JoyBox reached into California to attract users, promoted its game in California, or actually

7  delivered any games in California. Because the two conclusory statements are bereft of factual

8  allegations, they "cannot suffice." *Corcoran v. CVS Health Corp.*, 169 F. Supp. 3d 970, 981 (N.D.

9  Cal. 2016); *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) ("[M]ere bare bones

10 assertions of minimum contacts with the forum or legal conclusions unsupported by specific

11 factual allegations will not satisfy a plaintiff's pleading burden.") (internal quotation omitted).

12      To the extent Plaintiff alleges that JoyBox "targeted California by making its cash

13 tournament mobile games specifically available to California residents," Compl. ¶ 15, this

14 allegation is insufficient to establish express aiming. At best, according to the Complaint, JoyBox

15 made its game available online to residents of nearly every state along with California, Compl. at 4

16 n.1, which is insufficient to confer personal jurisdiction. *See Erickson v. Nebraska Mach. Co.*, No.

17 15-CV-01147-JD, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015) ("The mere act of copying

18 Erickson's photographs and posting them on NMC's website did not involve entering California,

19 contacting anyone in California, or otherwise reaching out to California. There is no evidence that

20 Erickson's web page is even hosted in California."); *Parnell Pharms., Inc. v. Parnell, Inc.*, No.

21 5:14-CV-03158-EJD, 2015 WL 5728396, at *5 (N.D. Cal. Sept. 30, 2015) (finding posting an

22 advertisement online is insufficient to establish jurisdiction). Critically, Plaintiff has failed to

23 allege how JoyBox "targeted California." Compl. ¶ 15. Rather, California was just among one of

24 the vast majority of states that, according to Avia, the games were not disabled. Compl. at 4 n.1.

25 Accordingly, Plaintiff's allegation is insufficient to establish jurisdiction. *See Conohan v. Gen*

26 *Digital Inc*, No. 2:24-CV-06894-MCS-PVC, 2025 WL 864655, at *2 (C.D. Cal. Feb. 19, 2025)

27 (holding the barebone allegations that a defendant "regularly engag[ed]" with California residents

28 were insufficient to establish personal jurisdiction). For the above reasons, the alleged contacts

Rutan & Tucker, LLP
attorneys at law

2856/099999-0084
23207442.1 a12/22/25

-8-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1   with California are "too random, fortuitous, and attenuated" to establish that JoyBox purposefully

2   directed its activities at California. *Prevail*, 2021 WL 1947578, at *5.

3                    (2)    *Plaintiff Has Failed to Allege that JoyBox Could Foresee Its*

4                            *Alleged Acts Caused Harm Likely To Be Suffered in*

5                            *California.*

6           Since Plaintiff fails to establish that JoyBox conducted intentional acts expressly aimed at

7   California, no further inquiry is necessary. Nonetheless, Plaintiff also fails to establish that JoyBox

8   could foresee its alleged acts caused harm likely to be suffered in California.

9           To satisfy this prong, the alleged tort "must involve the forum state itself and not just have

10  some effect on a party who resides there." *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1145 (9th

11  Cir. 2017). As discussed above, Plaintiff has failed to show that JoyBox's conduct was expressly

12  aimed at California. Additionally, Plaintiff must allege that JoyBox had "actual knowledge" of

13  Plaintiff's copyright use in California. *See Advice Co. v. Novak*, No. C-08-1951 JCS, 2009 WL

14  210503, at *15-16 (N.D. Cal. Jan. 23, 2009). Here, Plaintiff has failed to make a *prima facie*

15  showing that JoyBox knew that Avia was based in California or that Avia was using its Asserted

16  Copyrights in California. *See id.* (finding plaintiff failed to show that defendant had knowledge

17  that its use of an infringing mark would likely be suffered in California because there was no

18  evidence that defendant knew plaintiff was located in California); *Theos Med. Sys., Inc. v. Nytone*

19  *Med. Prods., Inc.*, No. 19-CV-01092-VKD, 2020 WL 500511, at *8 (N.D. Cal. Jan. 31, 2020),

20  *report and recommendation adopted*, No. 19-CV-01092-BLF, 2020 WL 9422393 (N.D. Cal. Feb.

21  27, 2020). Nor does plaintiff allege that JoyBox created the allegedly infringing advertisements in

22  California or that any JoyBox employees traveled to California to meet with Plaintiff, or had ever

23  traveled to California. *See Morrill*, 873 F.3d at 1145 ("[N]one of [the] challenged conduct had

24  anything to do with [the forum state] itself") (alterations original); *See generally* Compl. ¶¶ 11-27.

25  Thus, Plaintiff's allegation also fails on this prong of the purposeful direction test.

26                    b.    Plaintiff Has Failed to Establish that Its Claims Arise out of or

27                           Relate to Forum Activities.

28          Even if Plaintiff could establish purposeful direction (it cannot), it still fails to establish

Rutan & Tucker, LLP
*attorneys at law*

2856/099999-0084
23207442.1 a12/22/25

-9-

Case No. 3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1   that its asserted claims—here, alleged copyright infringement based on JoyBox's alleged

2   advertisement in its mobile apps—arise out of or relate to JoyBox's alleged Californian activities.

3   *See Picot*, 780 F.3d at 1211. "[R]elatedness requires a close connection between contacts and

4   injury." *GeoSolutions B.V. v. Sina.com Online*, 700 F. Supp. 3d 821, 828 (N.D. Cal. 2023).

5        The Complaint alleges no California-based activities from which the claims arise. Plaintiff

6   alleges that JoyBox infringed the Asserted Copyrights by copying Avia's registered video

7   advertisements and displaying the video advertisements for JoyBox's own mobile apps. Compl. ¶¶

8   26-27. But, as discussed in detail above, none of the alleged contacts with California is connected

9   to the Asserted Copyrights or the alleged copyright infringement.

10       First, Plaintiff alleges that JoyBox distributed its mobile games through California-based

11  Apple, Inc. and displayed the infringing ads on California-headquartered Facebook. Compl. ¶ 15.

12  But merely distributing the allegedly infringing advertisements through services offered by

13  California-based companies simply does not suffice to establish personal jurisdiction. *See*

14  *GeoSolutions B.V.*, 700 F. Supp. 3d at 829. With the ubiquitous nature of Apple Apps and

15  Facebook advertising, that makes good sense; otherwise, personal jurisdiction would know no

16  bounds.

17       Additionally, Plaintiff's allegation that JoyBox targeted California through its gaming apps

18  being accessible to California residents (along with the residents of nearly every other state) has

19  no connection to Plaintiff's claims. Comp. ¶ 15. Plaintiff does not allege that JoyBox has marketed

20  or distributed its games *containing an infringing copyrighted advertisement* to users in California.

21  *See id.* To the extent that Plaintiff alleges that JoyBox "conducted extensive business with users in

22  California," and "derived substantial revenue from California residents," these generalized

23  allegations are not related to Plaintiff's claims of copyright infringement through allegedly

24  displaying advertisements for the games and cannot satisfy Plaintiff's burden. *See Gemini*

25  *Bioproducts, Inc. v. Serum Source Int'l, Inc.*, No. 217CV01551JAMKJN, 2017 WL 5295441, at

26  *3 (E.D. Cal. Nov. 13, 2017) ("[G]eneral allegations about facts not related to the specific

27  transaction at issue are insufficient to justify specific jurisdiction.").

28       Because Plaintiff has failed to allege facts establishing that JoyBox's California-based

Rutan & Tucker, LLP
attorneys at law

2856/099999-0084
23207442.1 a12/22/25

-10-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1  activities give rise to Plaintiff's claims relating to the Asserted Copyrights, Plaintiff cannot meet

2  its burden here.

3                    c.    Exercising Jurisdiction over JoyBox Would Not Comport with

4                          Substantial Justice and Fair Play.

5        Because Plaintiff has failed to establish that JoyBox purposefully directed its activities to

6  California or that Plaintiff's claims arise out of or relate to JoyBox's contacts with California, the

7  Court need not consider the final prong of the specific jurisdiction test. *See Schwarzenegger*, 374

8  F.3d at 802. Even if the Court were to reach this prong, however, Plaintiff's theories fail.

9        Exercising personal jurisdiction over JoyBox in California would not "comport with fair

10  play and substantial justice." *Schwarzenegger*, 374 F.3d at 802. As discussed above, JoyBox did

11  not "purposefully interject[]" itself into California's affairs. *Ayla*, 11 F.4th at 984 ("The purposeful

12  interjection factor in the reasonableness analysis is 'analogous to the purposeful direction'

13  factor."). Additionally, Plaintiff is haling JoyBox to court in California, which Plaintiff does not

14  allege JoyBox is incorporated in, has a principal place of business in, has any employees or offices

15  in, or resides in the state. Compl. ¶¶ 7-10. Plaintiff's alleged California contacts are maintenance

16  of a national market and utilization of the services of multinational tech companies. Accordingly,

17  it would be unjust for JoyBox to litigate in a forum state with which it has insufficient contacts.

18  *See Schwarzenegger*, 374 F.3d at 802.

19        In light of these considerations, it is not in accordance with fair play and substantial justice

20  for California to exercise jurisdiction over JoyBox.

21        **B.    The Complaint Should Be Dismissed Because Venue Is Improper.**

22        Under 28 U.S.C. § 1391(b), venue is improper in this District. Venue is proper if personal

23  jurisdiction could be exercised in the district as though it were an independent state. *See Columbia*

24  *Pictures Television,* 106 F.3d at 288; *Goldberg*, 482 F. Supp. 2d at 1143.

25        As discussed above, Plaintiff has failed to establish that personal jurisdiction would be

26  proper in this District. Specifically, even taking Plaintiff's allegations as true, Plaintiff has failed

27  to establish that JoyBox purposefully directed its actions toward the Northern District of

28  California. Plaintiff also has failed to allege that the events giving rise to its alleged copyright

Rutan & Tucker, LLP
attorneys at law

2856/099999-0084
23207442.1 a12/22/25

-11-

Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT

1  infringement claims took place in California.

2      Accordingly, because this Court lacks personal jurisdiction, this Court should also dismiss

3  the Complaint on the basis that venue in this District is improper. *See Unicolors Inc. v. Myth*

4  *Clothing Co. Inc.*, No. CV15-9419-CAS(JCX), 2016 WL 738289, at *6 (C.D. Cal. Feb. 22, 2016)

5  (holding venue in the Central District of California is improper because the Court lacked personal

6  jurisdiction).

7  **V.**    **CONCLUSION**

8      For the foregoing reasons, the Court should grant JoyBox's motion.

9  Dated:  December 22, 2025             RUTAN & TUCKER, LLP
        RONALD P. OINES

10          MATTHEW F. MURRAY
        TALYA GOLDFINGER

12          By: _____

13          Ronald P. Oines
        Attorneys for Defendant
        JOYBOX STUDIO LIMITED

Rutan & Tucker, LLP
attorneys at law
2856/099999-0084
23207442.1 a12/22/25
-12-
Case No.  3:25-cv-08709-JD
DEFENDANT JOYBOX STUDIO LIMITED'S
MOTION TO DISMISS COMPLAINT