KEKER, VAN NEST & PETERS LLP
STEVEN K. TAYLOR - # 204668
staylor@keker.com
TRAVIS SILVA - # 295856
tsilva@keker.com
VICTOR CHIU - # 305404
vchiu@keker.com
ELIANE HOLMLUND - # 348883
eholmlund@keker.com
633 Battery Street
San Francisco, CA 94111-1809
Telephone:     415 391 5400
Facsimile:     415 397 7188

Attorneys for Plaintiff AVIAGAMES INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AVIAGAMES INC., <br><br> Plaintiff, <br><br> v. <br><br> GUANGZHOU SNAIL INTERACTIVE TECHNOLOGY CO., LTD; JOYBOX STUDIO LIMITED; PRINSLOO GLOBAL GROUP INC.; and YIMIN SUN, <br><br> Defendants. | Case No. 3:25-cv-08709-JD <br><br> **AVIAGAMES INC.'S OPPOSITION TO DEFENDANT JOYBOX STUDIO LIMITED'S MOTION TO DISMISS COMPLAINT** <br><br> Date:     February 5, 2026 <br> Time:     11:00 a.m. <br> Judge:    Hon. James Donato <br> Ctrm:     11 – 19th Floor <br><br> Date Filed: October 10, 2025 <br><br> Trial Date: None Set |

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ....................................................................................................2

      A.     Plaintiff AviaGames................................................................................2

      B.     Defendant JoyBox..................................................................................2

III.  LEGAL STANDARD..............................................................................................4

IV.  ARGUMENT...........................................................................................................5

      A.     The Court may exercise personal jurisdiction over JoyBox because it purposefully directed its activity to California. ......................................5

           1.     JoyBox committed an intentional act............................................5

           2.     JoyBox expressly aimed its conduct at California.........................5

           3.     JoyBox knew that its copyright infringement would cause harm in California. ....................................................................................8

      B.     The Court may exercise personal jurisdiction over JoyBox because Avia's copyright claims arise out of JoyBox's California-related activities. .....................10

      C.     JoyBox has not met its burden of establishing that jurisdiction is unreasonable. ........................................................................................11

      D.     JoyBox's motion to dismiss for improper venue should be denied. .......12

      E.     In the alternative, the Court should defer resolution of JoyBox's motion to dismiss pending jurisdictional discovery. ............................................12

V.   CONCLUSION......................................................................................................13

# TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Adobe Sys. Inc. v. Blue Source Group, Inc.*,
   125 F. Supp. 3d 945 (N.D. Cal. 2015) ................................................................................. 12

*Advice Co. v. Novak*,
   2009 WL 210503 (N.D. Cal. Jan. 23, 2009) .......................................................................... 13

*Automattic Inc. v. Steiner*,
   82 F. Supp. 3d 1011 (N.D. Cal. 2015) ................................................................................... 5

*Avaya Inc. v. Pearce*,
   2019 WL 6311383 (N.D. Cal. Nov. 25, 2019) ...................................................................... 11

*Brayton Purcell LLP v. Recordon & Recordon*,
   606 F.3d 1124 (9th Cir. 2010) ........................................................................................... 9, 12

*Briskin v. Shopify*,
   135 F.4th 739 (9th Cir. 2025) ........................................................................................ passim

*CollegeSource, Inc. v. AcademyOne, Inc.*,
   653 F.3d 1066 (9th Cir. 2011) ................................................................................................ 9

*Conohan v. Gen Digital Inc*,
   2025 WL 864655 (C.D. Cal. Feb. 19, 2025) ........................................................................... 8

*DFSB Kollective Co. v. Bourne*,
   897 F. Supp. 2d 871 (N.D. Cal. 2012) .................................................................................... 8

*Erickson v. Nebraska Machinery Company*
   2015 WL 4089849 (N.D. Cal. July 6, 2015) ........................................................................... 8

*Gemini Bioproducts, Inc. v. Serum Source International, Inc.*
   2017 WL 5295441 (E.D. Cal. Nov. 13, 2017) ...................................................................... 10

*GeoSolutions B.V. v. Sina.com Online*
   700 F. Supp. 3d 821 (N.D. Cal. 2023) .................................................................................. 10

*Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames, LLC*,
   2021 WL 5861279 (9th Cir. Dec. 10, 2021) ................................................................... 12, 13

*Int'l Aero Prods., LLC v. Aero Advanced Paint Tech., Inc.*,
   325 F. Supp. 3d 1078 (C.D. Cal. 2018) .................................................................................. 6

*j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*,
   2009 WL 29905 (N.D. Cal. Jan. 5, 2009) ............................................................................. 11

*Jackson v. Euphoria Wellness, LLC*,
  2020 WL 5366419 (N.D. Cal. Sept. 8, 2020) ...........................................................................11

*Lang Van, Inc. v. VNG Corp.*,
  40 F.4th 1034 (9th Cir. 2022) ...................................................................................................7

*Lang Van, Inc. v. VNG Corp.*,
  669 F. App'x 479 (9th Cir. 2016) ...........................................................................................13

*Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co.*, Inc.
  170 F. Supp. 3d 1249 (C.D. Cal. 2016) ...................................................................................6

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*,
  647 F.3d 1218 (9th Cir. 2011) ......................................................................................... passim

*Panavision Int'l, L.P. v. Toeppen*,
  141 F.3d 1316 (9th Cir. 1998) ..........................................................................................10, 11

*Parnell Pharms., Inc. v. Parnell, Inc.*,
  2015 WL 5728396 (N.D. Cal. Sept. 30, 2015) .........................................................................8

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) ....................................................................................................4

*Scott v. Domus Constr. & Design, Inc.*,
  2021 WL 5505888 (S.D. Cal. Nov. 14, 2021) ..........................................................................9

*Stebbins v. Doe*,
  2024 WL 557715 (N.D. Cal. Feb. 12, 2024) ............................................................................8

*Visual Supply Co. v. Khimji*,
  2025 WL 2684380 (N.D. Cal. July 10, 2025) ....................................................................7, 10

*Zithromia Limited. v. Gazeus Negocios De Internet SA*,
  2018 WL 6340875 (N.D. Cal. Dec. 5, 2018) .......................................................................8, 12

**Federal Statutes**

28 U.S.C. § 1400(a) ........................................................................................................................12

**Federal Rules**

Fed. R. Civ. P. 12 ....................................................................................................................4, 13

## I. INTRODUCTION[1]

In this copyright action, AviaGames Inc. ("Avia") alleges that JoyBox Studio Limited ("JoyBox") copied Avia advertisements and used infringing copies to promote JoyBox's competing online gaming apps, which JoyBox makes available in California and markets to Californians. Under *Mavrix Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011), these are the "uncontroverted allegations" that must be "taken as true":

- JoyBox targets the California market. Its infringing ads promote apps "specifically available to California residents but not residents of other states." Dkt. 1 ("Compl.") ¶ 15. Given California's size, JoyBox's California revenues are substantial. *See id.* ("Defendants derived substantial revenue from California residents.").

- Avia is a California resident, *see* Compl. ¶ 6, and suffered the harm of JoyBox's copyright infringement here.

- JoyBox posts its infringing ads on Facebook, a platform owned by Meta. Compl. ¶ 15. Meta is headquartered in California. *Id.* JoyBox accordingly targets California consumers using its infringing ads because the ads are viewed in California, which is a material jurisdictional contact in a copyright action.

- JoyBox distributes its apps, and thus derives its income through, an app store operated by Apple, which is a California resident. Compl. ¶ 15.

These facts all support the exercise of jurisdiction over JoyBox. JoyBox "expressly aims its wrongful conduct toward a forum state" because "its contacts are its own choice and not random, isolated, or fortuitous," and that is true even though JoyBox "cultivates a [semi-]nationwide audience for commercial gain." *Briskin v. Shopify*, 135 F.4th 739, 758 (9th Cir. 2025) (en banc).

Indeed, the Ninth Circuit's two leading Internet personal jurisdiction cases, last year's en banc *Briskin* decision and *Mavrix Photo*, confirm that this Court has personal jurisdiction over JoyBox. *Briskin* reaffirms *Mavrix Photo*'s holding "that a company's internet activity may subject the company to specific personal jurisdiction in a given forum if the company 'knows—either

---
[1] All internal quotation marks and citations have been removed, and all emphases added, unless otherwise noted.

actually or constructively' about its customer base there and 'exploits that base for commercial gain.'" 135 F.4th at 757 (quoting *Mavrix Photo*, 647 F.3d at 1230). JoyBox relies heavily on older district court cases and fails to cite—let alone distinguish—either of these Ninth Circuit cases when asserting that this Court lacks jurisdiction over JoyBox. JoyBox's motion is meritless and should be denied.

## II. BACKGROUND

### A. Plaintiff AviaGames

Avia is a leading gaming app developer that creates engaging, skill-based mobile games, such as solitaire. Compl. ¶ 18. Its principal place of business is in California. *Id.* ¶ 6. Avia's mobile games have amassed a significant customer base through Avia's extensive marketing efforts. *Id.* ¶ 23. Avia has invested a substantial amount of resources to promote its products, including, but not limited to, creating and publishing numerous video advertisements featuring its mobile games. *Id.* Avia commissioned numerous professionals who expend significant creativity, time, and effort to develop the video advertisements that Avia relies on to attract more users and increase the popularity of its games. *Id.*

### B. Defendant JoyBox

JoyBox also develops gaming apps available on the Apple App Store and competes with Avia. *Id.* ¶ 20. Avia alleges that "[a]s part of [JoyBox's] scheme of infringement, [it] targeted California by making its cash tournament mobile games specifically available to California residents but not residents of other states." *Id.* ¶ 15. For example, JoyBox promotes its game *Bingo Golden* using infringing advertisements, as reflected in the side-by-side comparisons in the next page. Compl. ¶ 27.

\\

\\

\\

\\

\\

\\

| Avia's Video Ad for *Bingo Tour* (PA 2-549-315) | JoyBox's Infringing Ad for *Bingo Golden – Win Cash* |
|---|---|
|  |  |
| **Avia's Video Ad for *Bingo Tour* (PA 2-549-329)** | **JoyBox's Infringing Ad for *Bingo Golden – Win Cash*** |
|  |  |

Moreover, JoyBox displayed its infringing ads on Facebook, which is headquartered in this District. Compl. ¶ 15. JoyBox also distributed its mobile games to California through services offered by Apple, Inc., which is also headquartered in this District. *Id.* As a result of its infringement, JoyBox derived substantial revenue from California residents. *Id.* ¶¶ 2, 15.

JoyBox seeks to dismiss Avia's lawsuit under Rule 12(b)(2) and Rule 12(b)(3). JoyBox's motion to dismiss should be denied because this Court may exercise personal jurisdiction over JoyBox given its contacts with California and venue is proper here.

### III. LEGAL STANDARD

Because "no federal statute authorizes personal jurisdiction" here, this Court applies California law, which is "coextensive with federal due process requirements." *Mavrix Photo*, 647 F.3d at 1223. "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have certain minimum contacts with the relevant forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* The Ninth Circuit uses a three-part test to determine whether "minimum contacts" exist: "(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

Avia bears the burden of satisfying the first two prongs of the minimum-contacts test. *Briskin*, 135 F.4th at 751. The burden then shifts to JoyBox to set forth a "compelling case" that the exercise of jurisdiction would be unreasonable. *Id.* "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo*, 647 F.3d at 1223. "The plaintiff cannot simply rest on the bare allegations of its complaint, but **uncontroverted allegations in the complaint must be taken as true**." *Id.*

## IV. ARGUMENT

Avia's allegations satisfy the first two prongs of the minimum contacts analysis, and JoyBox's argument regarding the third prong falls far short of "compelling."

### A. The Court may exercise personal jurisdiction over JoyBox because it purposefully directed its activity to California.

Because Avia "has alleged copyright infringement, a tort-like cause of action, purposeful direction is the proper analytical framework." *Mavrix Photo*, 647 F.3d at 1228; *see also Automattic Inc. v. Steiner*, 82 F. Supp. 3d 1011, 1023 (N.D. Cal. 2015) (applying same test to a DMCA claim). To establish purposeful direction, the court applies the "*Calder* effects" test, which requires that the defendant "(1) commit an intentional act, that is (2) expressly aimed at the forum state, and (3) which causes harm that the defendant knows will be suffered in the forum state." *Briskin*, 135 F.4th at 751; *Mavrix Photo*, 647 F.3d at 1228. "This test does **not** require that the defendant be physically present in the forum state." *Briskin*, 135 F.4th at 751–52. "Electronic contacts" with the forum state are sufficient where the defendant's internet activity involves "'something more' than mere passive nationwide accessibility." *Id.* at 752. All three elements of the *Calder* effects test are met here.

#### 1. JoyBox committed an intentional act.

The first element of the *Calder* effects test is satisfied. There can be "no question that [JoyBox] acted intentionally" by copying Avia's works and displaying them. *Mavrix Photo*, 647 F.3d at 1229 (holding that the first element was met when the defendant "intentionally repost[ed] . . . infringing photos").

#### 2. JoyBox expressly aimed its conduct at California.

JoyBox's conduct "directly target[s] the forum," *Mavrix Photo*, 647 F.3d at 1229, because its infringing marketing materials promote mobile apps expressly aimed at California and seek to profit from California users. *See id.* ("the geographic scope of the defendant's commercial ambitions" is a relevant consideration to determine express aiming). On its own, this fact confirms that JoyBox expressly aimed its tortious conduct at California.

*Mavrix Photo* is on point. There, the defendant infringed copyrighted photos of celebrities

by posting them on its website. *Id.* at 1222–23. The Ninth Circuit found that the defendant's use of "copyrighted photos as part of its exploitation of the California market for its own commercial gain" was "most salient" in evaluating the express-aiming factor. *Mavrix Photo*, 647 F.3d at 1229. Indeed, "[a] substantial number of hits to [the defendant's] website came from California residents" because "some of the third-party advertisers on [the defendant's] website had advertisements directed to Californians." *Id.* at 1230. And the number of visitors to the defendant's website allowed it to make "more money" from third-party advertisers. *Id.* Just as the defendant in *Mavrix Photo* used advertisements that appealed to Californians, so too did JoyBox to promote its mobile games that are specifically made available to Californians.

Because JoyBox's infringing ads "appeal[] to, and profit[] from, an audience in a particular state, [JoyBox] can be said to have 'expressly aimed'" at California. *Mavrix Photo*, 647 F.3d at 1231; *see also Int'l Aero Prods., LLC v. Aero Advanced Paint Tech., Inc.*, 325 F. Supp. 3d 1078, 1085 (C.D. Cal. 2018) (finding that defendant expressly aimed its conduct at California where its interactive website "advertised, displayed, and offered for sale products that were similar to [the California] [p]laintiff's products to consumers in this district"); *Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co.*, Inc., 170 F. Supp. 3d 1249, 1261 (C.D. Cal. 2016) (holding that the court had personal jurisdiction to decide a copyright infringement claim involving a nationwide advertising campaign directed in part at California consumers).

For its part, JoyBox attempts to avoid jurisdiction in California by arguing, in essence, "But we're everywhere." *See* Dkt. 20 ("Mot.") at 8 (arguing that JoyBox did not "target[]" California because it "made its game available online to residents of nearly every state along with California"). But as the en banc Ninth Circuit observed just last year, the "Supreme Court has considered ***and rejected*** the argument that because a nationwide company is everywhere, it is jurisdictionally nowhere except in its principal place of business and state of incorporation." *Briskin*, 135 F.4th at 757. Requiring Avia to show that JoyBox engaged in "differential targeting" for California "would have the perverse effect of allowing [JoyBox] to direct its activities toward all 50 states yet to escape specific personal jurisdiction in each of those states for claims arising from or relating to their relevant contacts in the forum state that injure that state's residents." *Id.*

6
AVIAGAMES INC.'S OPPOSITION TO DEFENDANT
JOYBOX STUDIO LIMITED'S MOTION TO DISMISS COMPLAINT
Case No. 3:25-cv-08709-JD

at 758. *Briskin*—which JoyBox fails to cite—thus forecloses the very argument that JoyBox advances here: that a defendant must provide "some sort of differential treatment of the forum state" to expressly aim its conduct there. *Id.* (overruling any cases that require differential targeting); *Visual Supply Co. v. Khimji*, No. 24-CV-09361-WHO, 2025 WL 2684380, at *3 n.2 (N.D. Cal. July 10, 2025) (observing that "*Briskin* also explicitly rejected the 'differential targeting' requirement for express aiming"). In any event, JoyBox has not simply engaged in undifferentiated conduct among the states that passively spread "everywhere." Indeed, JoyBox used its infringing advertisements to solicit consumers in California, while excluding some other states altogether. *See* Compl. ¶ 15.

Moreover, Avia has identified several additional contacts between JoyBox and California that support the exercise of jurisdiction, such as "agreements with several California businesses." *Mavrix Photo*, 647 F.3d at 1222 (holding that such agreements are properly considered as being among a defendant's "specific ties to California"). JoyBox targeted Avia (a California company) by placing its infringing ads on Facebook, which is headquartered in California. Compl. ¶ 15. And JoyBox profited from its infringement by making its apps available on Apple, another company headquartered in California. *Id.* ¶¶ 2, 15.

*Visual Supply Company v. Khimji* is instructive. There, the trial court ruled that the exercise of jurisdiction over a non-resident trademark defendant was appropriate because he (1) infringed the content of a plaintiff located in this District; (2) posted infringing content to a platform (Reddit) based in California; (3) registered "two interactive websites that used" the infringing content "with Cloudflare, which is likewise based in this District"; and (4) created "an account with Patreon, also based in this District, to monetize his scheme."[2] 2025 WL 2684380, at *3. Like the defendant in *Visual Supply Company*, JoyBox harmed a California-based plaintiff and did so using different platforms based in California. These extensive contacts with California only underscore that JoyBox expressly aimed its conduct here.

---

[2] The Ninth Circuit has also approvingly cited trial court decisions which have held that a defendant "purposefully avail[s] itself of the privilege of conducting business in the United States by distributing Infringing [content] on platforms such as the Google Play store and Microsoft App store." *Lang Van, Inc. v. VNG Corp.*, 40 F.4th 1034, 1042 (9th Cir. 2022).

JoyBox's remaining authorities are readily distinguishable. JoyBox attacks Avia's jurisdictional allegations piecemeal, citing pre-*Briskin* district court cases where only one or some of the jurisdictional facts that Avia alleges are similarly present. For example, in *Erickson v. Nebraska Machinery Company*, the Court declined to exercise personal jurisdiction over a non-resident defendant where the allegations "did not involve entering California, contacting anyone in California, or otherwise reaching out to California." No. 15-CV-01147-JD, 2015 WL 4089849, at *4 (N.D. Cal. July 6, 2015). In addition to predating *Briskin*, *Erickson* is distinguishable because, here, JoyBox uses the infringing ads to promote products that it specifically makes available to Californians. Compl. ¶ 15 & n.1. None of JoyBox's other cases support its argument.[3]

Because JoyBox expressly aimed its tortious conduct at California and cannot avoid jurisdiction by claiming that it offers its mobile apps in almost all fifty states, the second factor of the *Calders* effect test is satisfied.

### 3. JoyBox knew that its copyright infringement would cause harm in California.

The final factor of the *Calders* effect test is met for two reasons. **First**, JoyBox caused harm in California because that is where Avia is located. "[I]t was foreseeable that [Avia] would be harmed by infringement of its copyright, including harm to its business reputation and goodwill, and decreased business and profits" and that "this harm would occur in the Forum,

---

[3] *Zithromia Limited. v. Gazeus Negocios De Internet SA*, No. 3:17-CV-006475-JD, 2018 WL 6340875, at *2 (N.D. Cal. Dec. 5, 2018), is distinguishable because Avia does ***not*** solely allege that JoyBox "has general business dealings with Apple in this district, or makes internet sales to residents here." *DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 880 (N.D. Cal. 2012), holds that merely making infringing content available on a website, with no evidence that the defendant's website targeted California residents, is not "on its own" enough for personal jurisdiction. *Stebbins v. Doe*, No. 23-CV-00321-DMR, 2024 WL 557715, *2 (N.D. Cal. Feb. 12, 2024), involves a non-California plaintiff and the complaint contained ***no*** allegations that "a forum resident suffer[ed] injuries in that forum from the defendant's intentional tort. *Conohan v. Gen Digital Inc*, No. 2:24-CV-06894-MCS-PVC, 2025 WL 864655, at *2 (C.D. Cal. Feb. 19, 2025), holds that there is no personal jurisdiction where the plaintiff alleges only that a website is accessible in California. *Parnell Pharms., Inc. v. Parnell, Inc.*, No. 5:14-CV-03158-EJD, 2015 WL 5728396, at *5 (N.D. Cal. Sept. 30, 2015) holds that an "online advertisement" for a job does not establish jurisdiction and says nothing about an infringing ad campaign for a product made specifically available in California. Importantly, every one of these cases came down ***before*** *Briskin*.

where [Avia] was known to reside." *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1131 (9th Cir. 2010) *abrogated on other grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc*, 874 F.3d 1064, 1069–70 (9th Cir. 2017); *Mavrix Photo*, 647 F.3d at 1231 (holding it was foreseeable that "[t]he economic loss caused by the intentional infringement of a plaintiff's copyright . . . would be inflicted . . . in . . . [the plaintiff's] principal place of business"). The Ninth Circuit has "repeatedly held that a corporation incurs economic loss, for jurisdictional purposes, in the forum of its principal place of business." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1079 (9th Cir. 2011). Avia's California residence—where it suffered "harm to [its] competitive advantage"—confirms that JoyBox intended to cause harm in California. *Scott v. Domus Constr. & Design, Inc.*, 2021 WL 5505888, at *13 (S.D. Cal. Nov. 14, 2021).

**Second**, harm was foreseeable in California because JoyBox used its infringing advertisements to earn revenues from California customers who use JoyBox's apps, which it specifically aims into the California market. A "company's internet activity may subject the company to specific personal jurisdiction in a given forum if the company knows—either actually or constructively about its customer base there and exploits that base for commercial gain." *Briskin*, 135 F. 4th at 757. In *Mavrix,* the Ninth Circuit recognized that a Florida company suffered harm ***in California*** because the defendant copied a work whose value was tied to the California market, given that "a significant number of Californians would have bought publications" featuring the asserted work absent the defendant's unlawful copying. 647 F.3d at 1231-32. Here, JoyBox sells products—its apps—that it aims into California. JoyBox's targeting is thought-through: JoyBox does business in some states, but not others, and it chose to do business in California, and it makes its ads available to California residents. *See Scott*, 2021 WL 5505888, at *13 (defendant's "Facebook pages" were accessible to residents of forum state). Thus, JoyBox knows about its California "customer base," and its "internet activity" is intended to "exploit[] that base for commercial gain." *Briskin*, 135 F.4th at 757. This is another sufficient basis for personal jurisdiction.

In sum, JoyBox's willful copyright infringement and violations of the DMCA foreseeably harmed Avia, which has its principal place of business in California, and allowed JoyBox to unlawfully profit from California users.

### B. The Court may exercise personal jurisdiction over JoyBox because Avia's copyright claims arise out of JoyBox's California-related activities.

A claim arises out of the defendant's forum related activities "if the plaintiff . . . would not have been injured 'but for' the defendant's conduct directed toward [the plaintiff] in California." *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998). The same factual allegations that establish JoyBox's purposeful direction—including infringing a California resident's copyright and targeting the California market in its ads and apps—satisfy the "aris[ing] out of" requirement because JoyBox's copyright infringement and DMCA violations "had the effect of injuring [Avia] in California." *Id.*; *see also Visual Supply Co.*, 2025 WL 2684380, at *4 (holding that "[b]ut for" the alleged conduct of targeting a California resident and unlawfully distributing its content on California platforms, the defendant would not have been harmed); *Mavrix Photo*, 647 F.3d at 1228 (holding that a "claim of copyright infringement arises out of . . . publication of the photos on a website accessible to users in the forum state"). But for JoyBox's California-related conduct, Avia would not have suffered an injury.

Neither case cited by JoyBox holds otherwise. *See* Mot. at 10. Instead, the court in *GeoSolutions B.V. v. Sina.com Online* held that there was no but-for causation because "mere storage of the allegedly misappropriated technology on servers that happen to be located in California is far removed from the focal point of the alleged wrongdoing." 700 F. Supp. 3d 821, 829 (N.D. Cal. 2023). Here, in contrast, Avia's copyright infringement and DMCA claims arise out of JoyBox's contacts with California: JoyBox copied ads from and harmed a California entity to promote at least one game specifically available for California users and distributed both the infringing ads and its games via California platforms. In *Gemini Bioproducts, Inc. v. Serum Source International, Inc.*, the court held only that "general allegations about facts not related to the specific transaction at issue are insufficient to justify specific jurisdiction." 2017 WL 5295441, at *3 (E.D. Cal. Nov. 13, 2017). Avia's jurisdictional allegations are directly tied to its

10

copyright infringement and DMCA claims, as explained above.

### C. JoyBox has not met its burden of establishing that jurisdiction is unreasonable.

JoyBox, a corporation subject to general jurisdiction in neighboring Nevada, cannot seriously contend that notions of "fair play" make California jurisdiction unreasonable.

At this third step of the analysis, JoyBox has the "burden" of "'present[ing] a ***compelling*** case that the presence of some other considerations would render jurisdiction unreasonable.'" *Briskin*, 135 F.4th at 751. Courts assess "(1) the extent of the defendant's purposeful interjection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Briskin*, 135 F.4th at 761.

The first factor favors the exercise of jurisdiction because the first prong of the *Calder* effects test is met, as discussed above. *See Briskin*, 135 F.4th at 761 (referencing purposeful direction analysis in response to defendant's argument against the first factor). There is no burden on a Nevada corporation such as JoyBox from litigating in California that would make jurisdiction unreasonable under the second and fifth factors. *See Jackson v. Euphoria Wellness, LLC*, No. 3:20-CV-03297-CRB, 2020 WL 5366419, at *7 (N.D. Cal. Sept. 8, 2020) (allowing claims to proceed against a Nevada company in California); *j2 Glob. Commc'ns, Inc. v. Blue Jay, Inc.*, No. C 08-4254 PJH, 2009 WL 29905, at *10 (N.D. Cal. Jan. 5, 2009) (same). Under the third factor, "the exercise of jurisdiction by a federal court in California does not implicate sovereignty concerns of [another state]" when deciding a federal claim (such as one under the Copyright Act). *Panavision Int'l, L.P.*, 141 F.3d at 1323. As to the fourth, sixth, and seventh factors, "California has a strong interest in providing redress for the injuries [a] plaintiff has suffered as a result of [a] defendant's alleged willful copyright infringement." *Avaya Inc. v. Pearce*, No. 19-CV-00565-SI, 2019 WL 6311383, at *10 (N.D. Cal. Nov. 25, 2019).

As in *Briskin*, JoyBox "does not argue that it would be burdensome to defend this case in California; that jurisdiction here would create any conflict with the sovereignty of [Nevada], the state[] having general jurisdiction over [Joybox]. . .; that California lacks an interest in the enforcement . . . or that California would not or could not provide an efficient resolution of this dispute." 135 F.4th at 761. Accordingly, JoyBox has not met the steep burden of demonstrating that the exercise of jurisdiction would be unreasonable. The Court therefore has personal jurisdiction over JoyBox.

### D. JoyBox's motion to dismiss for improper venue should be denied.

"In copyright infringement actions, venue is proper 'in the district in which the defendant . . . resides or may be found.'" *Brayton Purcell LLP*, 606 F.3d at 1126 (quoting 28 U.S.C. § 1400(a)). The Ninth Circuit "interprets this provision to allow venue in any judicial district where, if treated as a separate state, the defendant would be subject to personal jurisdiction." *Id.* JoyBox's motion to dismiss for improper venue should be denied because the Court has personal jurisdiction over JoyBox for the reasons discussed above. *See Adobe Sys. Inc. v. Blue Source Group, Inc.*, 125 F. Supp. 3d 945, 964 (N.D. Cal. 2015) (denying motion to dismiss copyright claim for improper venue after concluding the court had personal jurisdiction).

### E. In the alternative, the Court should defer resolution of JoyBox's motion to dismiss pending jurisdictional discovery.

If the Court requires additional facts to find that personal jurisdiction exists or that venue is proper, Avia respectfully requests that the Court defer resolution of JoyBox's motion so that Avia can obtain further discovery in support of its jurisdictional allegations. Avia has already served document requests and interrogatories to ascertain JoyBox's additional contacts with California, and JoyBox agrees that there should be "initial discovery" into "jurisdictional issues." Dkt. 23 (Joint Case Management Statement) at 5; *see also Good Job Games Bilism Yazilim Ve Pazarlama A.S. v. SayGames, LLC*, No. 20-16123, 2021 WL 5861279, at *1 (9th Cir. Dec. 10, 2021) ("Discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."); *Zithromia Ltd. v. Gazeus Negocios De Internet SA*, No. 3:17-CV-06475-JD, 2018 WL 6340875,

at *3 (N.D. Cal. Dec. 5, 2018) ("jurisdictional discovery," rather than dismissal, "would better serve the ends of justice").[4]

Avia's discovery requests include "the number of [JoyBox's] users in California, the number of . . . downloads by and revenue derived from California users, advertising arrangements with California companies, and internal [JoyBox] strategy concerning the California market [that] might demonstrate facts sufficient to constitute a basis for jurisdiction." *Lang Van, Inc. v. VNG Corp.*, 669 F. App'x 479, 480 (9th Cir. 2016). The Ninth Circuit has acknowledged that its "recent decisions regarding personal jurisdiction and Internet-based companies" make "significant reference" to these topics, including (1) the "downloads of, revenue derived from, and distribution agreements" of a defendant's commercial activities in a given forum; (2) the defendant's "efforts to advertise, market, license, commercialize, or profit from" those activities; and (3) the defendant's "engage[ment] in [forum]-specific distribution." *Good Job Games*, 2021 WL 5861279, at *1. Because Avia's requests seek discovery into precisely these topics, it should be allowed to further develop the jurisdictional record if the Court believes more facts are needed to resolve JoyBox's motion to dismiss.

## V. CONCLUSION

Because the Court has specific personal jurisdiction over JoyBox, Avia respectfully requests that the Court deny JoyBox's Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction. For the same reason, the Court should deny JoyBox's Rule 12(b)(3) motion to dismiss for improper venue. In the alternative, Avia respectfully requests that the Court allow the parties to complete Avia's requested jurisdictional discovery before ruling on JoyBox's motion.

---

[4] JoyBox's own cited authority confirms that granting its motion to dismiss would be premature when the parties have not yet "completed personal jurisdiction discovery." *Advice Co. v. Novak*, No. C-08-1951 JCS, 2009 WL 210503, at *16 (N.D. Cal. Jan. 23, 2009); Mot. at 9.

| | |
|---|---|
| Dated: January 12, 2026 | KEKER, VAN NEST & PETERS LLP |
| | By: /s/ *Victor Chiu* |
| | STEVEN K. TAYLOR |
| | TRAVIS SILVA |
| | VICTOR CHIU |
| | ELIANE HOLMLUND |
| | Attorneys for Plaintiff AVIAGAMES INC. |