UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

AVIAGAMES INC.,

        Plaintiff,

    v.

GUANGZHOU SNAIL INTERACTIVE
TECHNOLOGY CO., LTD, et al.,

        Defendants.

Case No. 25-cv-08709-JD

**ORDER RE SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4**

The request of plaintiff AviaGames to serve defendant Kimi Crush Limited by alternative means, Dkt. No. 74, is granted. *See* California Corporations Code § 1702(a). AviaGames has established by affidavit that Kimi Crush, a California corporation, cannot be served with reasonable diligence upon Kimi Crush's designated agent by hand. *See* Dkt. No. 74-1 ¶¶ 11-12 & Exs. E & F. Consequently, service may be made upon Kimi Crush Limited by delivering by hand to the California Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of process for Kimi Crush Limited together with a copy of this order. Service in this manner must be made within 10 days of this order.

The request to extend the time to serve defendant Prinsloo Global Group Inc. to August 6, 2026, is granted. Dkt. No. 74 at 15; *see* Fed. R. Civ. P. 4(m).

AviaGames' alternative service requests are otherwise denied. AviaGames requests to serve Kimi Crush, Prinsloo, Guangzhou Snail Interactive Tech. Co., Ltd., and Yimin Sun by emailing various other entities and individuals, sending a WeChat message to defendant Sun's personal WeChat account, and via Kimi Crush's Facebook page. *See* Dkt. No. 74. But the requests are based solely on AviaGames' alter ego and affiliate arguments, which feature an unacceptable degree of conjecture, including that an in-house lawyer who arrived at a meeting to

represent Guangzhou Snail Interactive Tech. Co., Ltd. "wore a 'JoyBox' nametag," and that defendants have "highly-similar apps and websites." *Id*. at 3, 12.

Although the record suggests that effectuating service on these defendants has not been easy, the Court cannot conclude on this record that the methods of service proposed by AviaGames are "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio Properties, Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1016-17 (9th Cir. 2002) (quotations and citation omitted).

The hearing that was set for July 9, 2026, is vacated.

**IT IS SO ORDERED.**

Dated:  July 8, 2026

_____
JAMES DONATO
United States District Judge

United States District Court
Northern District of California

2